IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

PATRICK DENHAM

VS.                                              CIVIL ACTION NO. 2:13cv277-KS-MTP

RON KING AND JOHNNIE DENMARK

### ORDER ADOPTING REPORT AND RECOMMENDATIONS AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Petition of Patrick Denham for Writ of *Habeas Corpus* [1] filed pursuant to 28 U.S.C. § 2254 [1], Respondents' Motion to Dismiss pursuant to 2244(d) [12], and having considered the documents above, the Report and Recommendation filed by Magistrate Judge Michael T. Parker [14], Objection thereto filed by Patrick Denham [15], the Court does hereby find that the Motion to Dismiss should be **granted** and the Petition should be dismissed with prejudice for the reasons set forth as follows:

### I. PROCEDURAL HISTORY

On November 17, 2005, Petitioner was sentenced as an habitual offender to serve a term of twenty-five years in the custody of the Mississippi Department of Corrections after having been convicted of burglary of a dwelling in the Circuit Court of Forrest County, Mississippi. ([10-1].) Petitioner appealed his conviction and sentence to the Mississippi Supreme Court. On October 16, 2007, the Mississippi Court of Appeals, in a written opinion, affirmed the trial court's judgment. *See Denham v. State*, 966 So. 2d 894 (Miss.

App. 2007). Petitioner did not seek rehearing in the Mississippi Court of Appeals.[1]

On May 12, 2008, Petitioner filed a petition for writ of habeas corpus in this Court. *See Denham v. King*, No. 2:08-cv-99 (S.D. Miss. Jan. 12, 2009). However, on January 12, 2009, the Court dismissed the petition for Petitioner's failure to exhaust his claims in state court. *Id*. On August 25, 2010, Petitioner filed an application for leave to file motion for post-conviction collateral relief in the Mississippi Supreme Court. ([10-3].) On October 14, 2010, Petitioner submitted another application concerning post-conviction collateral relief after the Mississippi Supreme Court dismissed his first application without prejudice. ([10-4]; [10-5].) On November 10, 2010, the Supreme Court denied the application. ([10-5].) On December 17, 2013, Petitioner submitted the instant Petitioner for Writ of Habeas Corpus [1].[2] Thereafter, Respondents filed their Motion to Dismiss [10], asserting that the Petition was not timely filed and should be dismissed.

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991)

---

[1] *See* https://courts.ms.gov/appellate_courts/generaldocket.html (last visited December 18, 2014).

[2] The Petition was signed on December 17, 2013, and stamped "filed" in this Court on December 20, 2013. "Under the 'mailbox rule,' a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court." *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Weighing all doubts in Petitioner's favor, the Court will use the earlier date of December 17, 2013.

(Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III. PETITIONER'S OBJECTIONS AND ANALYSIS

Denham has filed his Objection [15] and denies that the applicable time bar under 28 U.S.C. § 2244(d) is applicable because he is entitled to equitable tolling. Petitioner goes through the history of his case and the different courts involved in his journey through the legal system that has caused him to arrive in this Court. It is clear from the record that the state court conviction became final on October 30, 2007, and that his one year statute of limitations pursuant to 28 U.S.C. § 2244(d) began to run at that time.

In his objection Petitioner claims that he has filed numerous petitions, both in this court and the Mississippi Supreme Court. However, even accepting the dates that are set forth by Petitioner, the statute of limitations ran long before the instant petition was filed. Notably, one of his petitions was dismissed by the Supreme Court on November 10, 2010, and he did not file a subsequent petition

before said court until December 12, 2012. Petitioner has given no basis for equitable tolling and the Court finds that the statute of limitations has clearly run and that he cannot avoid the statutory bar pursuant to § 2244(d).

For the reasons above stated, the petition must be dismissed.

### IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections.  For the reasons set forth above, this Court concludes that Denham's objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Patrick Denham's claim is dismissed with prejudice. All other pending motions are denied as moot.

SO ORDERED this, the 13th day of February, 2015.

*s/Keith Starrett*
**UNITED STATES DISTRICT JUDGE**